**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WILLIAM ANDERSON,

                            Plaintiff,

      v.

STEPHEN L. BUZZELL, et al.,

                        Defendants.

No. 8:25-CV-1214
(ECC/PJE)

---

**APPEARANCES:**

William Anderson
15715
St. Lawrence County Correctional Facility
17 Commerce Lane
Canton, New York 13617
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

I. **In Forma Pauperis**

Plaintiff pro se William Anderson ("plaintiff") commenced this action on September 4, 2025, by filing a complaint. *See* Dkt. No. 1. In lieu of paying this Court's filing fee, plaintiff submitted an application for leave to proceed in forma pauperis ("IFP"). *See* Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP.[2] As the IFP application has been granted, the

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

[2] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

undersigned must now assess the merits of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915, 1915A.

## II.  Initial Review

### A.  Legal Standards

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action."  *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

The Second Circuit affords pro se litigants a "special solicitude" such "that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted).  However, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, a complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which the claims are based.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Bell Atlantic v. Twombly*, 550 U.S.

2

544, 555-56 (2007) (Noting that a plaintiff bringing suit must plead "enough facts to state a claim to relief that is plausible on its face.").

"If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint." *Rich v. Akwesasne Mohawk Casino Resort*, No. 8:24-CV-0255 (AMN/CFH), 2024 WL 3677262, at *2 (N.D.N.Y. Aug. 6, 2024), *report and recommendation adopted,* No. 8:24-CV-0255 (AMN/PJE), 2025 WL 286937 (N.D.N.Y. Jan. 24, 2025) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995)).[3] "However, an opportunity to amend is not required where 'the problem with [the plaintiff's] causes of action is substantive' such that 'better pleading will not cure it.'" *Id*. (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

### III.  Discussion

### A.  **Plaintiff's Complaint**[4]

Plaintiff's complaint arises out of the following series of events.  On or about April 30, 2025, Karen M. Horan ("Horan"), a legal secretary with the St. Lawrence County Assigned Counsel Program ("St. Lawrence County ACP"), assigned Stephen Buzzell ("Buzzell") as plaintiff's appointed counsel in a "criminal action."  Dkt. No. 1 at 7.  Further review of plaintiff's complaint indicates that Buzzell represented plaintiff in two separate state criminal cases.  *See id*. at 26, 29, 34.

The first criminal case, filed under Indictment No. 70173-25/001, stems from an incident that "occur[ed] on February 18, 2025, in the Town of Louisville."  Dkt. No. 1 at 26.

---

[3] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

[4] Plaintiff's complaint includes three attachments.  *See* Dkt. No. 1 at 25-36.  These attachments have also been reviewed in connection with the initial review of plaintiff's complaint.  *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.") (internal quotation marks and citations omitted).

Buzzell filed two motions in that matter seeking to have the charges filed against plaintiff dismissed or reduced. *See id*. at 7, 26, 29. Both motions were denied and scheduled for separate hearings. *See id*. at 27, 32.

The second criminal case, filed under Indictment No. 70235-25/002, stems from an incident that "occurr[ed] on or about November 17, 2024, in the Town of Massena." Dkt. No. 1 at 34. On July 17, 2025, Buzzell filed a motion seeking an order "dismissing or reducing the charges against [plaintiff], on the grounds that [he] is innocent." *Id.* at 34; *see id*. at 7. On August 6, 2025, St. Lawrence County Court Judge Marcia L. LeMay denied Buzzell's July 17, 2025, motion and relieved him as plaintiff's counsel. *See id*. at 36. In relieving Buzzell, Judge LeMay stated:

> The Court has concerns about the effectiveness of counsel for submitting a motion that has no basis in law. This request is consistent with an application from a pro se defendant, not a practitioner with decades of experience. Furthermore, counsel argues that the indictment is insufficient as Defendant was originally charged with Conspiracy but was not indicted for it. Defendant is facing up to 15 years in state prison, and requires competent counsel.

*Id*.[5]

Plaintiff claims that "Buzzell's incompetence as illustrated within his motions and confirmed with 2 judges orders and decisions" constitutes ineffective assistance of counsel and legal malpractice. Dkt. No. 1. at 10. Similarly, plaintiff claims that Buzzell breached a contract and a fiduciary duty owed to him. *See id*. at 12-13.[6] Plaintiff alleges that "Mr. Buzzell clearly never provided adequate and effective representation, but instead

---

[5] The undersigned notes that plaintiff also states that on August 7, 2025, Buzzell filed a notice of appearance and a letter advising the Court that he was "taking on [his] 'drug case' pro bono." Dkt. No. 1 at 8. It is unclear whether this statement references either of the criminal matters discussed above or a separate criminal proceeding.

[6] The undersigned observes that plaintiff reported that he filed grievances with the New York State Third Judicial Department Attorney Grievance Committee and the Commission on Judicial Conduct which are "actively pending." Dkt. No. 1 at 19.

filed defective motions which in the end den[ied] [him] access to the courts." *Id*. at 10. Further, plaintiff claims that he is being subjected to "cruel and unusual punishment." *Id*. As it concerns Horan, plaintiff's complaint asserts that although she "did not commit the actual constitutional violation," she is still liable for Buzzell's conduct because she was Buzzell's supervisor and assigned Buzzell to work on his criminal cases. *Id*. at 13-15. Plaintiff argues that both Buzzell and Horan acted under the color of state law, and he seeks to proceed against them in their individual and official capacities. *See id*. at 12, 18.

Additionally, plaintiff alleges that "St. Lawrence County and its indigent counsel program . . . accepted a policy or custom of due process denials in disciplinary hearings." Dkt. No. 1 at 14. Plaintiff states that his "*Monell* claims are directed solely at (1) [the] St. Lawrence County District Attorney[']s Office and (2) St. Lawrence County [ACP] Coordinator Ms. Horan." *Id*. *at* 17. Plaintiff asserts that Horan was deliberately indifferent to his Sixth Amendment right to effective assistance of counsel in his state criminal proceedings. *See id*. at 15. More specifically, plaintiff claims that Horan knowingly failed to respond to his "request for help," and Judge LeMay's August 6, 2026, decision put Horan "on direct notice" that he needed counsel with the "abilities to provide [him] with the guaranteed rights protected under the Sixth Amendment." *Id*. at 16. Plaintiff also argues that the St. Lawrence County District Attorney's Office is liable under *Monell* because their lawyers opposed Buzzell's motions and "were well aware of counsel's inabilities to provide plaintiff with the 6th Amendment right to counsel." *Id*. at 18.

Plaintiff seeks $2,200,000 in "compensatory" damages and "at least" $1,000,000 in "punitive" damages. Dkt. No. 1 at 6, 22-23. Plaintiff also seeks a "compromised resolution on all criminal charges" filed against him and an order directing (1) the

appointment of new counsel for his state criminal matters, (2) his newly-assigned counsel to file new pretrial motions, (3) declaring that this First and Sixth Amendment rights were violated, (4) both judges in his state court criminal matters to reconsider each of their respective decisions denying Buzzell's motions, and (5) his state court criminal matters to revert back to "the pretrial stages." *Id*. at 6, 20-22. Plaintiff also seeks an order declaring Horan and the St. Lawrence County District Attorney's Office "separate municipalit[ies]." *Id*. at 18, 21.

## B. **Analysis**

Plaintiff seeks to proceed pursuant to 42 U.S.C. § 1983 against Buzzell and Horan, in both their individual and official capacities, as well as the St. Lawrence County District Attorney's Office, alleging that his First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights were violated. *See generally* Dkt. No. 1. Section 1983 "establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). Plaintiff also seeks to raise claims against Buzzell under New York State law for breach of contract and legal malpractice. *See* Dkt. No. 1 at 12-13.

### 1. **Individual Capacity Claims**

#### a. **Buzzell**

6

i. **No State Actor**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *Gerken v. Gordon*, No. 1:24-CV-435 (MAD/CFH), 2024 WL 4608307, at *11 (N.D.N.Y. Oct. 29, 2024), *report and recommendation adopted,* No. 1:24-CV-435 (MAD/CFH), 2024 WL 5001402 (N.D.N.Y. Dec. 6, 2024) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  "The traditional definition of acting under color of state law requires that the defendant . . . exercise[ ] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Id.* (quoting *West*, 487 U.S. at 49) (internal quotation marks and citation omitted)).  "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under § 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action."  *Id*. (quoting *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (quoting *United States v. Int'l Brotherhood of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991)) (internal quotations omitted); *see Baum v. N. Dutchess Hosp.*, 764 F. Supp. 2d 410, 419 (N.D.N.Y. 2011) ("State action is an essential element of any § 1983 claim.") (first citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 934 (1982) (explaining that the "under color of any statute" language is to enforce the provisions of the Fourteenth Amendment and that if a defendant's conduct satisfies the state-action requirement then that conduct is also action under color of state law under § 1983), then citing *Rounseville v. Zahl*, 13 F.3d 625, 627-28 (2d Cir. 1994) (noting the state action requirement for § 1983)).

"Private parties generally are not state actors and therefore are not usually liable under [§] 1983." *Gerken*, 2024 WL 4608307, at *11 (quoting *Yi Sun v. Saslovsky*, No. 1:19-CV-10858 (LTS), 2020 WL 6828666, at *7 (S.D.N.Y. Aug. 6, 2020) (citing *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013)); *see Basile v. Connolly*, 538 F. App'x 5, 7 (2d Cir. 2013) (summary order) ("[P]rivate individuals . . . cannot be sued under 42 U.S.C. § 1983 absent a plausible allegation that they acted under color of state law."). "A private party's actions can be considered state action in three situations":

> (1) the private party acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the private party willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the private party (the "public function" test).

*Id*. (quoting *Rogers v. City of New Rochelle*, No. 1:19-CV-0479 (CM), 2019 WL 5538031, at *2 (S.D.N.Y. Oct. 25, 2019) (quoting *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)). "The fundamental question under each test is whether the private party's challenged actions are 'fairly attributable' to the State." *Id*. (quoting *Rogers*, 2019 WL 5538031, at *2 (quoting *Fabrikant*, 691 F.3d at 207)). "[A] State normally can be held responsible for a private decision . . . when it has . . . provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id*. (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (citations omitted). The State's "[m]ere approval of or acquiescence in the initiatives of a private party[, however,] is not sufficient to justify holding the State responsible for those initiatives . . . ." *Id*. (quoting *Blum,* 457 U.S. at 1004-05).

"Private attorneys, whether court appointed or privately retained, are generally not liable under § 1983." *Strong v. New York*, No. 1:19-CV-63 (MAD/CFH), 2019 WL

1763010, at *6 (N.D.N.Y. Apr. 22, 2019), *report and recommendation adopted,* No. 1:19-CV-63 (MAD/CFH), 2019 WL 2723372 (N.D.N.Y. July 1, 2019) (quoting *Kunz v. Brazill*, No. 6:14-CV-1471 (MAD), 2015 WL 792096, at *7 (N.D.N.Y. Feb. 25, 2015) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.") (citation omitted))); *Browdy v. Karpe*, 131 F. App'x 751, 753 (summary order) (2d Cir. 2005) (quoting *Rodriguez,* 116 F.3d at 65-66 (citing *Polk County v. Dodson,* 454 U.S. 312, 325, (1981)) ("[P]ublic defenders and court-appointed attorneys 'performing a lawyer's traditional functions as counsel' to a defendant do not act 'under color of state law' and, therefore, are not subject to suit under 42 U.S.C. § 1983."); *Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011) (summary order) ("[A] court-appointed criminal defense attorney does not act under color of state law when representing a client . . . .").

Here, the St. Lawrence County ACP assigned Buzzell to represent plaintiff in two state criminal court proceedings. *See* Dkt. No. 1 at 7-8, 26, 29, 34. Plaintiff conclusorily states that Buzzell was acting "under the color of state law at all times relevant to this complaint," *Id*. at 12; however, plaintiff's complaint fails to allege any facts supporting this assertion. Indeed, the complaint demonstrates that Buzzell was performing lawyer's traditional role of representing a client. *See generally* Dkt. No. 1. That plaintiff believes Buzzell performed this role ineffectively does not "transform [him] into a state actor." *Rice v. City of New York*, 275 F. Supp. 3d 395, 403-04 (E.D.N.Y. 2017) (quoting *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 516 (S.D.N.Y. 2016) ("'[t]he fact that a private entity uses the state courts does not transform the private party into a state

9

actor.'"); *see also Lynch v. Mellace*, No. 6:25-CV-1495 (MAD/MJK), 2025 WL 3650363, at *5 (N.D.N.Y. Dec. 17, 2025) (quoting *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004)) ("And because Defendants were not acting 'under color of state law,' 'an ineffectiveness cause of action [is] inappropriate in a proceeding brought under § 1983.'").  As such, plaintiff's claims against Buzzell brought pursuant to § 1983 must fail.  *See Strong*, 2019 WL 1763010, at *6; *Browdy*, 131 F. App'x at 753; *Wynder v. Goltzer*, No. 1:24-CV-7925 (GHW), 2025 WL 2207248, at *4 (S.D.N.Y. Aug. 3, 2025) (quoting *Bourdon*, 386 F.3d at 90) (same).[7]

Accordingly, the undersigned recommends dismissing plaintiff's § 1983 claims against Buzzell with prejudice and without opportunity to amend as plaintiff's complaint asserts that Buzzell is acting under color of state law "merely by virtue of [his] position." *Shorter v. Rice*, No. 12–CV–0111 (JFB)(ETB), 2012 WL 1340088, at *4 (E.D.N.Y. Apr.10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position."); *see also Huggins v. Devane & Groder*, No. 15-CV-2463 (SJF)(ARL), 2015 WL 3971803, at *3 (E.D.N.Y. June 30, 2015) ("Since plaintiff's claims challenge only the performance of his counsel's traditional functions during the criminal proceeding against him, defendants are not state actors for purposes of Section 1983."). The undersigned does not recommend an opportunity to amend regarding his section 1983 claims against Buzzell as any amendment would be futile.  *See Lynch*, 2025 WL

---

[7] The undersigned notes that although it is possible to demonstrate state action under § 1983 through a defendant's participation in a conspiracy, "[t]here is no indication in the complaint that [Buzzell] was a 'willful participant in joint activity with the State or its agents,' as is required in order for the Court to find that a private party has engaged in state action."  *Strong*, 2019 WL 1763010, at *7 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

3650363, at *5 ("Thus, the Court recommends the District Court dismiss all Sixth Amendment ineffective assistance of counsel claims *with prejudice and without leave to amend* because any amendment would be futile."); *Rich*, 2024 WL 3677262, at *2 (quoting *Cuoco*, 222 F.3d at 112); *Huggins*, 2015 WL 3971803, at *3 (denying leave to amend after holding the plaintiff's criminal counsel was not a state actor); *Triestman*, 470 F.3d at 477 ("[O]ur cases have also indicated that we cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations, or arguments that the submissions themselves do not suggest.") (internal citations and quotation marks omitted).

### ii. **State Law Claims**

Further, plaintiff seeks to raise claims under New York State law against Buzzell in his individual capacity for monetary damages, alleging breach of contract and legal malpractice.[8] *See* Dkt. No. 1 at 12-13. However, as plaintiff has failed to establish Buzzell was a state actor, the undersigned recommends declining to exercise supplemental jurisdiction as to the state law claims against Buzzell. *See* 28 U.S.C. § 1367(c)(3) (stating that a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction."); *see, e.g.*, *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

---

[8] The undersigned notes that "legal malpractice . . . is not cognizable under § 1983" and is a state law claim. *Kirby v. Spicer*, No. 5:25-CV-324 (AMN/PJE), 2025 WL 3089258, at *6, n.7 (N.D.N.Y. Nov. 5, 2025), *report and recommendation adopted,* No. 5:25-CV-324 (AMN/PJE), 2025 WL 3551650 (N.D.N.Y. Dec. 11, 2025) (citing *Ali v. Shattuck*, No. 8:24-CV-0128 (DNH/CFH), 2024 WL 2747619, at *6 (N.D.N.Y. May 29, 2024), *report and recommendation adopted sub nom. Ali v. Dow*, No. 8:24-CV-128, 2024 WL 3460745 (N.D.N.Y. July 18, 2024)).

Although the undersigned recommends affording plaintiff an opportunity to amend to the extent a claim may be raised against St. Lawrence County for Fourteenth Amendment due process violations, as will be discussed below, the undersigned does not recommend exercising supplemental jurisdiction over plaintiff's state law claims against Buzzell because the sole claim upon which the undersigned recommends an opportunity to amend is "asserted against a different defendant . . . and are factually distinct claims arising out of different events." *Bell v. SL Green Realty Corp.*, No. 19 CIV. 8153 (LGS), 2021 WL 516575, at *8 (S.D.N.Y. Feb. 11, 2021) (citing *Meyer v. State of N.Y. Off. of Mental Health*, 174 F. Supp. 3d 673, 695 n. 32 (E.D.N.Y. 2016), *aff'd sub nom. Meyer v. N.Y. State Off. of Mental Health*, 679 F. App'x 89 (2d Cir. 2017)); *Vincenzo v. Wallkill Cent. Sch. Dist.*, No. 1:21-CV-0308 (GTS/TWD), 2022 WL 913094, at *19 (N.D.N.Y. Mar. 29, 2022) (first citing *Kriss v. Bayrock Grp. LLC*, No. 10 CIV. 3959 (LGS) (DCF), 2017 WL 4023351, at *2 (S.D.N.Y. Sept. 12, 2017), then citing *Greenport Gardens, LLC v. Village of Greenport*, 19-CV-2330 (PKC) (ARL), 2021 WL 4480551, at *19 (E.D.N.Y. Sept. 30, 2021)) ("Plaintiffs' negligent supervision claim against the Wallkill Defendants does not derive from a common nucleus of operative fact as . . . the claims over which the Court maintains original jurisdiction (i.e., Plaintiffs' federal claims against Defendant OU Boces) . . . The Court therefore does not have supplemental jurisdiction over Plaintiffs' negligent supervision claim . . . ."). Buzzell's conduct as plaintiff's attorney and whether he violated a contract with plaintiff, presumably a retainer agreement, is separate and independent from any claim plaintiff may potentially assert against St. Lawrence County pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See Dougal v. Lewicki*, No. 1:23-CV-1167 (DNH/CFH), 2023 WL 6430586, at *10

12

(N.D.N.Y. Oct. 3, 2023), *report and recommendation adopted*, 2023 WL 7013384 (N.D.N.Y. Oct. 25, 2023) (quoting *Dorsett-Felicelli, Inc. v. Cty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005)).  Accordingly, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over plaintiff's New York State law claims and such claims be dismissed with prejudice and without opportunity to amend.

### b. **Horan – Personal Involvement**

"[I]n order to recover damages in a civil rights action, [the] plaintiff must allege a defendant's direct or personal involvement in the alleged constitutional deprivations, and supervisory officials may not be held liable merely because they held a position of authority."  *Golston v. Cortese*, No. 1:21-CV-914 (GTS/CFH), 2022 WL 2657290, at *6, n.7 (N.D.N.Y. Apr. 1, 2022), *report and recommendation adopted,* No. 1:21-CV-914 (GTS/CFH), 2022 WL 2071773 (N.D.N.Y. June 9, 2022) (quoting *Montes v. O'Shea*, No. 1:21-CV-303 (DNH/ATB), 2021 WL 1759853, at *5 (N.D.N.Y. Apr. 6, 2021), *report and recommendation adopted,* No. 1:21-CV-303, 2021 WL 1758858 (N.D.N.Y. May 4, 2021) (citing *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994); *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)).  "[T]here is no special rule for supervisory liability.  Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"  *Id*. (quoting *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676)); *see also Davis v. Cnty. of Nassau*, 355 F. Supp. 2d 668, 677 (E.D.N.Y. 2005) (quoting *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir. 1996)) (A "complaint must still allege particular *facts* indicating that an individual defendant was personally involved in the deprivation of the plaintiff's constitutional rights; mere 'bald assertions and conclusions of law' do not suffice.").  "A

complaint that essentially regurgitates the relevant 'personal involvement' standard, without offering any facts indicating that, or how, an individual defendant in a supervisory role was personally involved in a constitutional violation, cannot withstand dismissal." *Davis*, 355 F. Supp. 2d at 677 (citations omitted).  "[V]ague, conclusory allegations do not satisfy the personal involvement standard." *Collins v. City Univ. of New York*, No. 21 CIV. 9544 (NRB), 2023 WL 1818547, at *6 (S.D.N.Y. Feb. 8, 2023) (citing *Medina v. Kaplan*, No. 16-CV-7223, 2018 WL 797330, at *6 (S.D.N.Y. 2018)).

Among the many claims raised in plaintiff's complaint, plaintiff alleges that his First,[9] Fourth, Sixth, Eighth,[10] and Fourteenth Amendment rights were violated.  *See*

---

[9] Plaintiff alleges that his First Amendment right to access to the courts was violated because of Buzzell's "incompetence" and "defective motions."  Dkt. No. 1 at 10.  However, the undersigned notes that

> the appointment of counsel can be a valid means of fully satisfying a state's constitutional obligation to provide prisoners, including pretrial detainees, with access to the courts in conformity with the requirements of the Due Process Clauses of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment.

*Bourdon v. Loughren*, 386 F.3d 88, 93 (2d Cir. 2004); *Smith v. New York*, No. 9:17-CV-558 (LEK/TWD), 2017 WL 6629228, at *13 (N.D.N.Y. Oct. 20, 2017), *on reconsideration in part sub nom. Smith v. New York State,* No. 9:17-CV-0558 (LEK/TWD), 2018 WL 346138 (N.D.N.Y. Jan. 10, 2018) (denying the plaintiff's First Amendment right to access claim, in part, because the "[p]laintiff was appointed counsel in state court."); *Oliver v. Penny*, No. 1:19-CV-233 (BKS/DJS), 2020 WL 7316125, at *10 (N.D.N.Y. Dec. 11, 2020), *aff'd,* No. 21-111, 2022 WL 2165814 (2d Cir. June 16, 2022) (quoting *Monsky v. Moraghan*, 127 F.3d 243, 246 (2d Cir. 1997)) ("It is well established that all persons enjoy a constitutional right of access to the courts, although the source of this right has been variously located in the First Amendment right to petition for redress, the Privileges and Immunities Clause of Article IV, section 2, and the Due Process Clauses of the Fifth and Fourteenth Amendments.").   Further, as noted *supra*, all section 1983 claims against Buzzell fail for lack of state action.

[10] Plaintiff's complaint states, "Cruel and Unusual punishment; ['Actual and Factual Innocence']."  Dkt. No. 1 at 10.  Although plaintiff raises this claim under the Eighth Amendment, it appears he was a pretrial detainee, and claims for cruel and unusual punishment brought by pretrial detainees are assessed under the Fourteenth Amendment.  *See Martineau v. Newell*, No. 9:17-CV-0983 (LEK/ML), 2019 WL 5883686, at *1 (N.D.N.Y. Nov. 12, 2019) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)) ("Pretrial detainees 'receive protection against mistreatment at the hands of prison officials under . . . the Due Process Clause of the Fourteenth Amendment' rather than under the cruel and unusual punishment clause of the Eighth Amendment."  However, even affording plaintiff due solicitude and reading his complaint liberally, it is unclear how plaintiff's Fourteenth Amendment rights were violated or how he has been subjected to cruel and unusual punishment.  U.S. CONST. amend. XIV; *see generally* Dkt. No. 1.  Plaintiff does not connect this claim to either Buzzell or Horan.  *See generally* Dkt. No. 1.  It appears likely that plaintiff is contending that the alleged violations he raises in his complaint amount to cruel and unusual punishment.  However, plaintiff fails to set forth a viable constitutional claim against either defendant, and even if he had, ineffective assistance of counsel does not amount to cruel and unusual punishment.  In sum, plaintiff's claim alleging

14

*generally* Dkt. No. 1. Plaintiff alleges that Defendant Horan is individually liable for violating his constitutional rights because she was the person at the St. Lawrence County ACP who assigned Buzzell as his counsel and was responsible for supervising Buzzell's conduct. *See* Dkt. No. 1 at 13-14. However, plaintiff simultaneously admits that Horan "did not commit the actual constitutional violation[s]." *Id.* at 13. Therefore, the undersigned concludes that plaintiff's Section 1983 claims against Horan in her individual capacity for monetary damages must fail because, even accepting as true that Horan assigned Buzzell to be plaintiff's appointed counsel and had oversight responsibilities, Horan was not personally involved in any underlying alleged constitutional violations. She cannot be held liable solely due to her roles as the individual who assigned Buzzell as plaintiff's counsel or as Buzzell's alleged supervisor at the St. Lawrence County ACP. *See Golston*, 2022 WL 2657290, at *6, n.7.[11] Accordingly, the undersigned recommends dismissing plaintiff's Section 1983 claims against Horan in her individual capacity for monetary damages with prejudice and without opportunity to amend because any attempt

---

cruel and unusual punishment fails to satisfy Rule 8's pleading standards. *See* FED. R. CIV. P. 8(a)(2) (providing that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."); *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) ("The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable.") (internal quotation marks and citations omitted). Further, as noted supra, all 1983 claims against Buzzell fail for lack of state action.

[11] Plaintiff appears to claim that Horan was personally involved in the violation of his Sixth Amendment right to counsel because she knew, or should have known, of Buzzell's incompetence following St. Lawrence County Court Judge Marcia L. LeMay's August 6, 2025, Order relieving Buzzell as his counsel and her apparent failure to assign him new counsel. *See* Dkt. No. 1 at 16. Yet, plaintiff provides no other factual support indicating that Horan knew of Judge LeMay's August 6, 2025, Order. *See generally id*. Further, even if she had known and even accepting as true that Horan was responsible for overseeing plaintiff's legal representation, she cannot be held liable for any ineffective assistance of counsel plaintiff may have received solely due to her role a supervisor at the St. Lawrence County ACP. *See Golston*, 2022 WL 2657290, at *6, n.7.

to amend would be futile.[12]  *See Rich*, 2024 WL 3677262, at *2 (quoting *Cuoco*, 222 F.3d at 112).

### 3.  *Monell*

#### a. **St. Lawrence County ACP & St. Lawrence County District Attorney's Office**

Plaintiff alleges that the St. Lawrence County ACP had a "policy or custom of due process denials in disciplinary hearings."  Dkt. No. 1 at 14.  Affording plaintiff due solicitude and reading his complaint liberally, plaintiff appears to assert that the St. Lawrence County ACP violated this Fourteenth Amendment Due Process rights pursuant to *Monell*.  However, St. Lawrence County ACP is an arm of St. Lawrence County;[13] it does not "have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued."  *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2022); *Rogers v. CPS*, No. 5:20-CV-75 (LEK/ATB), 2020 WL 2059824, at *3 (N.D.N.Y. Apr. 29, 2020).  Similarly, plaintiff names the St. Lawrence County District Attorney's Office.  *See* Dkt. No. 1 at 5, 17-18.  Plaintiff contends that the District Attorney's Office is liable because their lawyers opposed Buzzell's motions and "were well aware of counsel's inabilities to provide plaintiff with the 6th Amendment right to counsel."  Dkt. No. 1 at 18.  Plaintiff cannot name the St. Lawrence County District Attorney's Office for the same reasons discussed, *supra*, regarding the St. Lawrence County ACP.[14]  *See, e.g.*, *Michels v. Greenwood Lake Police Dep't*, 387 F. Supp. 2d 361, 367 (S.D.N.Y. 2005)

---

[12] Although this Court generally affords pro se plaintiffs an opportunity to amend at least once prior to dismissal, the undersigned concludes that amendment is not warranted here, because, even affording plaintiff due solicitude and reading his complaint liberally, plaintiff fails to suggest any additional Section 1983 claim involving Horan unrelated to her alleged assignment and supervision of Buzzell at the St. Lawrence County ACP.  *See generally* Dkt. No. 1.

[13] ST. LAWRENCE COUNTY GOVERNMENT, "Indigent Defense"
https://www.stlawco.gov/Departments/IndigentDefense (last visited June 23, 2026).

[14] ST. LAWRENCE COUNTY GOVERNMENT, "District Attorney"
https://www.stlawco.gov/Departments/DistrictAttorney (last visited June 23, 2026).

("Following the *Gonzalez* and *Steed* decisions in which a § 1983 claim was made against a district attorney's office and dismissed based on it not being a suable entity, this Court finds that the instant D.A.'s office is not a suable entity."). The proper defendant is St. Lawrence County. However, as discussed in greater detail below, the undersigned concludes that even if plaintiff had properly named St. Lawrence County, his claims would still fail as he has not sufficiently alleged any prima facie Sixth or Fourteenth Amendment claims; he can only proceed against the County for section 1983 claims pursuant to *Monell*; and plaintiff has failed to demonstrate that his constitutional rights were violated pursuant to a municipal policy or custom, and plaintiff has failed to demonstrate such claims are not barred by the *Younger* abstention doctrine or *Heck* preclusion.

### b. **Horan – Official Capacity**

Plaintiff's complaint alleges that Horan works for the St. Lawrence County ACP. *See* Dkt. No. 1 at 2-3, 7. To the extent that plaintiff seeks to proceed against Horan in her official capacity for monetary damages in her role as a legal secretary for St. Lawrence County ACP, plaintiff can only proceed with his Section 1983 claims pursuant to the United States Supreme Court's holding in *Monell*. *See Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) ("A claim against a municipal officer in his official capacity is "in effect a claim against the governmental entity itself."); *Mumin v. City of New York*, 760 F. Supp. 3d 28, 57 (S.D.N.Y. 2024) ("To hold Molina liable in his official capacity, Plaintiff "may satisfy the 'policy or custom' requirement . . . .").

"Municipalities may be sued directly under [Section] 1983" pursuant to *Monell* "for constitutional deprivations inflicted upon private individuals pursuant to governmental custom, policy, ordinance, regulation, or decision." *Batista v. Rodriguez*, 702 F.2d 393,

17

397 (2d Cir. 1983) (citing *Monell*, 436 U.S. at 690-91). "To set forth a cognizable claim for municipal liability under § 1983, a plaintiff must plead that a deprivation of his constitutional rights was 'caused by a governmental custom, policy, or usage of the municipality.'" *Dougal*, 2023 WL 6430586, at *10 (quoting *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell,* 436 U.S. at 690-91)).  "Municipalities may only be held liable when the municipality itself deprives an individual of a constitutional right; it 'may not be held liable on a theory of respondeat superior.'" *Id*. (quoting *Jeffes v. Barnes*, 208 F.3d 49, 56 (2d Cir. 2000)).  An "official policy or custom" can be pleaded as follows:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a 'custom or usage' sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to 'deliberate indifference' to the rights of those who come in contact with the municipal employees.

*Id.* (quoting *Dorsett-Felicelli, Inc.*, 371 F. Supp. 2d at 194) (internal citations omitted); *see also Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) (explaining that, to state an official policy claim under *Monell*, the plaintiff "must do more than simply state that a municipal policy . . . exists"); *Coleman v. Cnty. of Suffolk*, 685 F. App'x 69, 72 (2d Cir. 2017) (summary order) ("Where . . . the conduct of individual defendant officers does not violate the plaintiff's constitutional rights, the municipality is generally not liable for a policy or practice pursuant to which the conduct was performed."); *Fleming v. City of New York*, No. 18-CV-4866 (GBD/JW), 2023 WL 1861223, at *1 (S.D.N.Y. Feb. 9, 2023) (noting that, in some situations, a municipality may be held liable under *Monell* even if a plaintiff is unable to establish liability against individual defendants).

18

It is "well-established that '*Monell* does not provide a separate cause of action . . . [rather,] it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation.'"  *Stemmons v. Glens Falls Hosp.*, No. 1:25-CV-0846 (GTS/ML), 2026 WL 1041873, at *6 (N.D.N.Y. Feb. 26, 2026), *report and recommendation adopted sub nom. Stemmons v. Glens Falls Hosp.*, No. 1:25-CV-0846 (GTS/ML), 2026 WL 858577 (N.D.N.Y. Mar. 30, 2026) (quoting *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006)).  "[A] *Monell* claim cannot succeed without an underlying [constitutional] violation."  *Id*. (quoting *Mastromonaco v. City of Westchester*, 779 F. App'x 49, 51 (2d Cir. 2019) (summary order); *see also DeRaffele v. City of New Rochelle*, 15-CV-0282, 2017 WL 2560008, at *6 (S.D.N.Y. June 13, 2017) (citing *Segal*, 459 F.3d at 219) ("It is well-established that a *Monell* claim cannot lie in the absence of an underlying constitutional violation.").

First, as claims against Horan in her "official" capacity are more properly directed at St. Lawrence County, this claim is redundant. *See Petruso v. Schlaefer*, 474 F. Supp. 2d 430, 441 (E.D.N.Y. 2007), *aff'd*, 312 F. App'x 397 (2d Cir. 2009); *see, e.g.*, *Alvarado v. Westchester Cnty.*, 22 F. Supp. 3d 208, 213-14 (S.D.N.Y. 2014).  Further, even if plaintiff sought to proceed against St. Lawrence County for Horan's official capacity conduct, as plaintiff has not established Horan was personally involved in any constitutional violation, as discussed above, *see supra* at 15, such claim would fail.  *See Stemmons*, 2026 WL 1041873, at *6 (quoting *Mastromonaco*, 779 F. App'x at 51); *Segal*, 459 F.3d at 219 ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct."); *Dotson v. City of Syracuse*, No. 5:18-CV-0750 (MAD/ATB), 2019 WL 2009076,

at *11 (N.D.N.Y. May 7, 2019) (citing *Matican v. City of New York*, 524 F.3d 151, 154 (2d Cir. 2008)) ("[C]ourts have found that a *Monell* claim is generally foreclosed when a plaintiff has suffered no constitutional violation at the hands of an individual defendant.").

Accordingly, the undersigned recommends that plaintiff's claims against Horan in her official capacity for monetary damages be dismissed with prejudice and without opportunity to amend.

### c. St. Lawrence County

### 1. Fourteenth Amendment

Even if plaintiff had properly named St. Lawrence County, as pled, his Fourteenth and Sixth Amendment claims fail to (1) satisfy Rule 8's pleading standards, and (2) allege that his constitutional rights were violated pursuant to a specific municipal policy or custom. *See* FED. R. CIV. P. 8(a)(2); *see also Dougal*, 2023 WL 6430586, at *10 (quoting *Dorsett-Felicelli, Inc.*, 371 F. Supp. 2d at 194). Plaintiff's complaint does not provide any explanation for how the County violated his Fourteenth Amendment Due Process rights. *See generally* Dkt. No. 1.[15] Plaintiff fails to identify the disciplinary hearings to which he is referring nor specify the process he was denied. *See id*. Without any context or factual foundation for his Fourteenth Amendment due process claim, the undersigned is unable to assess plaintiff's claim; therefore, plaintiff's complaint does not provide "fair notice of the claim[s] being asserted" such that the municipality would have an adequate

---

[15] To successfully state a claim under Section 1983 for denial of due process, a plaintiff must show that he (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process. *See Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004); *Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998); *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996).

opportunity to file an answer and "prepare an adequate defense" as Rule 8 requires. *Flores*, 189 F.R.D. at 55; FED. R. CIV. P. 8(a)(2).

Therefore, the undersigned recommends that, insofar as plaintiff seeks to raise claims against St. Lawrence County (via his claims against the District Attorney's Office or the ACP) alleging violations of his Fourteenth Amendment due process rights fail because (1) "a *Monell* claim cannot succeed without an underlying [constitutional] violation," which plaintiff has not sufficiently pleaded; and (2) plaintiff failed to allege that his constitutional rights were violated pursuant to an official municipal policy, custom, failure to train or supervise, or that a policymaking official's deliberate conduct deprived him of a constitutional right. *See Stemmons*, 2026 WL 1041873, at *6 (quoting *Mastromonaco*, 779 F. App'x at 51); *Dougal*, 2023 WL 6430586, at *10 (quoting *Dorsett-Felicelli, Inc.*, 371 F. Supp. 2d at 194*); Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297-98 (2d Cir. 2020).

However, because it is theoretically possible that plaintiff can amend to establish that an official municipal policy, custom, failure to train or supervise, or a policymaking official's deliberate conduct caused a violation of the plaintiff's Fourteenth Amendment due process rights, the undersigned recommends that plaintiff's Fourteenth Amendment claim, to the extent it is construed as raised against St. Lawrence County,  be dismissed without prejudice and with leave to amend.[16]

### 2. **Sixth Amendment**

---

[16] Should the District Judge an afford plaintiff an opportunity to amend to raise a *Monell* claim against St. Lawrence County, it is noted that any potential future *Monell* claim may implicate the *Younger* abstention doctrine or *Heck* preclusion as discussed herein; thus, amendment is warranted only if plaintiff could overcome these concerns.

As to plaintiff's Sixth Amendment claim, even if it had been brought against St. Lawrence County and not the District Attorney's Office, this claim must still fail as "such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) ("'an ineffectiveness cause of action [is] inappropriate in a proceeding brought under § 1983.'").[17] The undersigned recommends the Court deny leave to amend to raise a Sixth Amendment claim against St. Lawrence because the defect is substantive, making any amendment futile.

### 4. *Younger* Abstention Doctrine & *Heck*

As discussed above, plaintiff seeks monetary damages from St. Lawrence County, a "compromised resolution on all criminal charges" filed against him, and an order directing (1) the appointment of new counsel for his state criminal matters, (2) his new assigned counsel to file new pretrial motions, (3) the state court judges in his criminal matters to reconsider each of their decisions denying Buzzell's motions, and (4) the state court to revert his criminal matters to "the pretrial stages." Dkt. No. 1 at 6, 20-22.

The *Younger* abstention doctrine may bar this Court's review of plaintiff's Fourteenth Amendment due process claim against St. Lawrence County for monetary damages as well as injunctive and declaratory relief.[18] *See Hanyon v. Express Auto*

---

[17] The undersigned further observes that plaintiff has not demonstrated that the prosecution had any affirmative duty to take steps to advise a defendant about his attorney's ineffective assistance. Further, plaintiff concedes the Court was well aware of his attorney's shortcomings. Further, had the District Attorney's Office communicated with plaintiff directly, outside of the presence of his counsel, they could be found to have violated New York State ethics rules.

[18] As an additional note, plaintiff requests that the Court declare that Horan and the St. Lawrence County District Attorney's Office to be "separate municipalit[ies]." Dkt. No. 1 at 18, 21. It is not entirely clear what plaintiff is seeking with this request. However, to the extent plaintiff may be asking that he be permitted to bring a claim against Horan in her individual capacity, separate and apart from her role as an employee of the County, the Court has performed this analysis but concluded that, on the merits, the claim fails. As for claims against Horan in her official capacity, as noted, they are duplicative of claims against the

*Credit Corp.*, No. 3:23-CV-1640 (MAD/ML), 2024 WL 248586, at *4, n.3 (N.D.N.Y. Jan. 22, 2024), *report and recommendation adopted,* No. 3:23-CV-1640 (MAD/ML), 2024 WL 4783943 (N.D.N.Y. Nov. 14, 2024) (citing *Younger v. Harris*, 401 U.S. 37 (1971)) ("In the event that Plaintiff's underlying state court proceeding remains pending, his request for this Court's involvement may also implicate the *Younger* abstention doctrine."); "*Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000) (quoting *Samuels v. Mackell*, 401 U.S. 66, 73 (1971)) ("The Younger doctrine is as applicable to suits for declaratory relief as it is to those for injunctive relief; the Supreme Court held in a companion case to *Younger* that Younger's policy would 'be frustrated as much by a declaratory judgment as it would be by an injunction.'").

Under the *Younger* abstention doctrine, "federal courts [must] abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger*, 401 U.S. at 43-44.). "This doctrine of federal abstention rests foursquare on the notion that, in the ordinary course, a state proceeding provides an adequate forum for the vindication of federal constitutional rights." *Id*. (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)). "[I]t is settled that for purposes of *Younger* abstention that [sic] a proceeding is considered pending until all appellate court remedies have been exhausted." *Reinhardt v. Com. of Mass. Dep't of Soc. Servs.*, 715 F. Supp. 1253, 1255 (S.D.N.Y. 1989) (internal quotation marks and citation omitted).

---

County. Horan in her official capacity is not "distinct" from the County for purposes of *Monell*. However, as the status of plaintiff's criminal proceeding is unknown, it is unknown whether *Younger* applies. Thus, although the request for declaratory relief is meritless, the undersigned does not yet recommend its dismissal.

"*Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Const. Corp,* 282 F.3d at 198 (citing *Grieve v. Tamerin,* 269 F.3d 149, 152 (2d Cir. 2001)). The "*Younger* abstention is triggered only by three categories of state court proceedings: (1) state criminal prosecutions; (2) civil proceedings that are akin to criminal proceedings; and (3) civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'" *Amato v. McGinty*, No. 1:17-CV-593 (MAD/ATB), 2017 WL 9487185, at *10 (N.D.N.Y. June 6, 2017), *report and recommendation adopted,* No. 1:17-CV-00593 (MAD/ATB), 2017 WL 4083575 (N.D.N.Y. Sept. 15, 2017) (internal quotations omitted) (quoting *Sprint Communications, Inc. v. Jacobs*, 571 U.S. at 69, 72-73).

"Despite the strong policy in favor of abstention, a federal court may nevertheless intervene in a state proceeding upon a showing of bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Diamond D. Const. Corp.*, 282 F.3d at 198 (quoting *Younger*, 401 U.S. at 54) (internal quotations omitted); *see also Hunter v. McMahon*, No. 20-CV-18 (LJV-MJR), 2024 WL 4362310, at *6 (W.D.N.Y. Sept. 30, 2024) (quoting *Diamond D. Const. Corp.*, 282 F.3d at 199) ("To meet the bad faith or harassment exception, the federal plaintiff must show that the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive.") (emphasis omitted)); *Phillips v. Schenectady Child Support Unite*, No. 1:24-CV-853 (BKS/PJE), 2025 WL 895035, at *6 (N.D.N.Y. Mar. 24, 2025), *report and recommendation adopted sub nom. Phillips v. Schenectady Cnty. Child Support Unit,* No. 1:24-CV-853

24

(BKS/PJE), 2025 WL 1191320 (N.D.N.Y. Apr. 24, 2025), *appeal dismissed* (Sept. 18, 2025) *(quoting Diamond "D" Const. Corp.*, 282 F.3d at 201 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124, (1975)) ("To satisfy the extraordinary circumstance exception, the plaintiff must demonstrate that the state court incapable of fairly and fully adjudicating the federal issues before it . . . .") (internal quotation marks omitted)).   Plaintiff has the burden of establishing that one of the *Younger* exceptions applies.   *See id.* (citing *Kirschner v. Klemons,* 225 F.3d 227, 235-36 (2d Cir. 2000)) ("[A] plaintiff who seeks to head off *Younger* abstention bears the burden of establishing that one of the exceptions applies.").

The undersigned also notes, should the District Judge agree and afford plaintiff an opportunity to amend to attempt to raise a claim against St. Lawrence County for Fourteenth Amendment due process violations, if plaintiff has been convicted of a crime relating to the allegations underlying this complaint, any such claims would be barred by *Heck v. Humphrey* as it would implicate the fact of such conviction.   "An individual convicted of a crime may not bring a section 1983 suit for damages that 'necessarily impl[ies] the invalidity of his conviction or sentence . . . unless [he] can demonstrate that the conviction or sentence has already been invalidated.'" *Opperisano v. P.O. Jones*, 286 F. Supp. 3d 450, 454 (E.D.N.Y. 2018) (quoting *Heck*, 512 U.S. at 487) (additional citations omitted); *see also Brown v. Budelmann*, No. 5:23-CV-0002 (MAD/TWD), 2023 WL 4424119, at *2 (N.D.N.Y. Apr. 17, 2023), *report and recommendation adopted*, No. 5:23-CV-0002 (MAD/TWD), 2023 WL 4144999 (N.D.N.Y. June 23, 2023) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("*Heck*'s bar applies regardless of whether a plaintiff seeks damages or injunctive relief."); *Velez v. Hochul*, No. 9:25-CV-0385 (GTS/DJS), 2025 WL 2182690, at *5 (N.D.N.Y. June 25, 2025), *appeal dismissed sub nom. Velez v.*

*Hochul*, No. 25-1859, 2026 WL 927657 (2d Cir. Feb. 19, 2026) (quoting *Wilkinson*, 544 U.S. at 81-82) ("Section 1983 action is barred by *Heck* '(absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration[,]" but "*Heck* does not bar 1983 actions that . . . request [] prospective injunctive relief.").

Here, plaintiff has not specified whether his state criminal proceedings remain pending or have been completed. *See generally* Dkt. No. 1. If his criminal proceedings are pending, *Younger* abstention bars review of his requests for injunctive relief and the Court would stay review of his claims for monetary damages until the criminal proceedings concluded. *See Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000). If plaintiff has been convicted of a crime related to the allegations in his complaint, *Heck* bars review of his section 1983 claims unless he can demonstrate favorable termination. *See Opperisano*, 286 F. Supp. 3d at 454. As plaintiff has failed to advise the Court of the status of his criminal proceedings, the undersigned is unable to determine whether the Court should abstain from hearing plaintiff's Fourteenth Amendment claim against St. Lawrence County pursuant to *Monell* and his demands for injunctive relief. *See Diamond "D" Const. Corp,* 282 F.3d at 198 (first citing *Younger*, 401 U.S. at 43-44, then citing *Grieve,* 269 F.3d at 152).

If the District Judge permits plaintiff to amend and he proceeds to raise a Fourteenth Amendment due process claim against St. Lawrence County pursuant to *Monell*, he must be able to overcome *Younger* and *Heck* issues. Thus, if he is permitted to amend on this claim, it is recommended that plaintiff be directed that any amended

26

complaint must advise the Court of the status of his state criminal proceedings. *See* FED. R. CIV. P. 8(a)(2).

## 5. *Bivens*

Plaintiff's complaint states that he seeks to proceed against Buzzell and Horan pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). However, neither Buzzell nor Horan are federal officials, and none of the allegations raised in plaintiff's complaint implicate any federal officials. *See generally* Dkt. No. 1. As plaintiff's complaint fails to even hint that any federal official violated his constitutional rights or has any factual connection to his complaint, the undersigned recommends that plaintiff's *Bivens* claim be dismissed with prejudice and without opportunity to amend.

## IV. **Leave to Amend**

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Romano v. Lisson*, 711 F. App'x 17, 19 (2d Cir. 2017) (summary order) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quotation omitted)). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Here, the defects in plaintiff's claims pursuant to: Section 1983 against Buzzell and Horan in their individual capacities for monetary damages, New York State law against Buzzell for breach of contract and legal malpractice, Section 1983 against Horan in her

27

official capacity, Section 1983 Sixth Amendment claim against St. Lawrence County, and *Bivins*, are substantive and cannot be cured by a better pleading. *See Edwards*, 388 F. Supp. 3d at 144-45. Conversely, plaintiff's Fourteenth Amendment Due Process claim may potentially be cured by a better pleading if: brought against St. Lawrence County, pled pursuant to *Monell*, and plaintiff can overcome the *Younger* and *Heck* concerns.[19]

## IV. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that, insofar as plaintiff seeks to proceed against Buzzell and Horan in their individual capacities for monetary damages (Dkt. No. 1), such claims be **DISMISSED with prejudice and without opportunity to amend**; and it is further

**RECOMMENDED**, that, insofar as plaintiff seeks to proceed under New York State law against Buzzell (Dkt. No. 1), such claims be **DISMISSED with prejudice and without opportunity to amend**;

**RECOMMENDED**, that insofar as plaintiff seeks to proceed against Horan in her official capacity for monetary damages (Dkt. No. 1), such claims be **DISMISSED with prejudice and without opportunity to amend**;

---

[19] In the event the District Judge adopts the undersigned's Report-Recommendation & Order and permits plaintiff to file an amended complaint, plaintiff is advised that any amended pleading cannot incorporate a prior pleading by reference and may not attempt to replead any claims that have been dismissed by this Court with prejudice. Any amended pleading supersedes and replaces a prior pleading in its entirety. An amended pleading must establish this Court's jurisdiction and state a claim for relief against each named defendant for whom leave to replead was granted according to Rules 8 and 10 of the Federal Rules of Civil Procedure. Any facts or claims that are not repleaded (and for which leave to amend was granted) may be considered abandoned.

**RECOMMENDED**, that insofar as plaintiff seeks to proceed pursuant to *Bivens* (Dkt. No. 1), such claims be **DISMISSED with prejudice and without opportunity to amend**; and it is further

**RECOMMENDED**, that plaintiff's Fourteenth Amendment Due Process claim (Dkt. No. 1), be **DISMISSED without prejudice and without opportunity to amend** as against St. Lawrence County ACP, but that the dismissal be **without prejudice** to amending to attempt to set forth a Fourteenth Amendment claim against St. Lawrence County pursuant to *Monell* in the event that plaintiff can overcome the *Younger* abstention and *Heck* concerns noted herein; and it is further

**RECOMMENDED**, that plaintiff's Sixth Amendment right to counsel claim as alleged against either St. Lawrence County District Attorney's Office (Dkt. No. 1) or St. Lawrence County, be **DISMISSED with prejudice and without opportunity to amend**; and it is further

**RECOMMENDED**, that, if the District Judge adopts this Report-Recommendation & Order, plaintiff be afforded thirty (30) days from the filing date of the Order adopting the Report-Recommendation & Order, to file an amended complaint, and if plaintiff: (1) timely files an amended complaint, it be returned to the Magistrate Judge for review in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and (2) does not timely file an amended complaint, the matter be closed and judgment entered dismissing the matter without prejudice, without need for further order of the Court; and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

29

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[20]

Dated:  June 29, 2026
        Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge

---

[20] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).